UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: MICHAEL JACQUE JACOBS,      No. 19-12591-j11
f/d/b/a Michael Jacobs Photojournalism,

Debtor.

---

MICHAEL JACQUES JACOBS,
f/d/b/a Michael Jacobs Photojournalism,

    Plaintiff,

v.      Adv. No. 20-1053-j

DLJ MORTGAGE CAPITAL, INC.;
SELENE FINANCE, LP; CS PARTICIPATION,
LLC; U.S. BANK NATIONAL ASSOCIATION, as
Trustee for the Holders of Maiden Lane Asset Backed
Securities I Trust 2008-1 Maiden Lane 2008-1 Trust;
BANK OF NEW YORK MELLON, as Trustee for
Encore Credit Receivables Trust 2005-2 Trust;
NATIONSTAR MORTGAGE LLC d/b/a Mr.
Cooper Group, Inc.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; and DOES
1 through 20,

    Defendants.

**MEMORANDUM OPINION AND ORDER SETTING ASIDE CLERK'S
ENTRY OF DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT
AS TO VARIOUS DEFENDANTS, AND FIXING NEW DEADLINE
TO FILE ANSWER OR MOTION UNDER F. R. Civ.P. 12(b)**

THIS MATTER is before the Court on the following motions: 1) Plaintiff's Motion for

Entry of Judgement by Default ("Motion for Default Judgment" - Doc. 8);[1] 2) Nationstar

Mortgage, LLC's Motions to Set Aside Entry of Default and Dismiss ("Nationstar's Motion to

---

[1] The complete title of the document is "Plaintiff's (1) Request for Entry of Default and (II) Motion for Entry of Judgement by Default"

Set Aside Default"–Doc. 15);[2] and 2) Motion to Set Aside Default (Doc. 17) filed by DLJ Mortgage Capital, Inc. ("DLJ Mortgage"), Selene Finance, LP ("Selene Finance"), Selene CS Participation LLC ("Selene CS"),[3] and Mortgage Electronic Registration Systems, Inc. ("MERS"). For the reasons explained below, the Court will set aside the Clerk's Entry of Default as to Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"),[4] DLJ Mortgage, Selene Finance, Selene CS, and MERS.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Michael Jacobs, d/b/a Michael Jacobs Photojournalism filed a voluntary petition under chapter 11 of the Bankruptcy Code on November 13, 2019. *See* Case No. 19-12591-j11–Doc. 1. Nearly a year later, on September 15, 2020, Plaintiff initiated this adversary proceeding by filing a Complaint for Damages and Declaratory Judgment with Demand for Jury Trial ("Complaint"–Doc. 1). The Complaint names the following Defendants:

> DLJ Mortgage
> Selene Finance
> Selene CS (named as CS Participation LLC)
> U.S. Bank National Association, as Trustee for the Holders of Maiden Lane Asset
>     Backed Securities I Trust 2008-1 Maiden Lane 2008-1 Trust ("US Bank")
> Bank of New York Mellon as Trustee for Encore Credit Receivables Trust 2005-2
>     Trust ("BONY")
> Nationstar (named as Nationstar Mortgage LLC d/b/a Mr. Cooper Group, Inc.)
> MERS
> Does 1–20

The Court issued a summons on September 18, 2020. *See* Doc. 2. Plaintiff filed a Certificate of Service on September 25, 2020, certifying that service of the summons and a copy of the Complaint was made on all Defendants by regular first-class United States mail, postage pre-

---

[2] Nationstar Mortgage, LLC's Motions to Set aside Entry of Default and Dismiss includes a motion to dismiss the complaint under Fed.R.Civ.P.12(b)(6). *See* Doc. 15.
[3] Selene CS is identified in the caption as CS Participation LLC.
[4] Nationstar is identified in the caption as Nationstar Mortgage LLC dba Mr. Cooper Group, Inc.

paid. *See* Doc. 4. The Court held a scheduling conference on October 30, 2020. None of the Defendants appeared. As a result, the Court entered an order requiring the Plaintiff to mail any motion for default judgment to all affected parties at the addresses where process can be served by mail on the parties under Fed. R. Bankr. P. 7004. *See* Doc. 6. On November 3, 2020, Plaintiff filed Plaintiff's (I) Request for Entry of Default and (II) Motion for Entry of Judgment by Default ("Motion for Default Judgment"). *See* Doc. 8. The Court issued a Notice of Deadline to Object to Motion for Default Judgment ("Notice") which fixed a deadline of November 16, 2020 to file an objection to the Motion for Default Judgment, and provided further that the Court intended to enter default judgment against any Defendant that does not timely file an objection. *See* Doc. 9. The Notice was sent to all Defendants. *Id.*

The Clerk issued the Clerk's Entry of Default (Doc. 10) on November 6, 2020 as to the following Defendants:

> DLJ Mortgage Capital
> Selene Finance, LP
> [Selene] CS Participation, LLC
> US Bank National Association
> Bank of New York Mellon
> Nationstar Mortgage LLC
> Mortgage Electronic Registration Systems, Inc.

On the same day, November 6, 2020, DLJ Mortgage, Selene Finance, Selene CS, and MERS filed a Motion to Dismiss (Doc. 11). On November 16, 2020, Nationstar filed Nationstar's Motion to Dismiss (Doc. 15), and DLJ Mortgage, Selene Finance, Selene CS, and MERS filed a Motion to Set Aside Entry of Default (Doc. 17). On November 6, 2020, DLJ Mortgage, Selene Finance, Selene CS, and MERS also filed an objection to the Motion for Default Judgment ("Objection"- Doc. 16) and a Motion to Set Aside Clerk's Entry of Default (Doc. 17). Nationstar

-3-

also filed an objection to the Motion for Default Judgment which joined in the Objection, and as additional grounds, incorporated the arguments from its motion to dismiss (Doc. 19).

DISCUSSION

Judgment by default is governed by Fed. R. Civ. P. 55, made applicable to adversary proceedings by Fed. R. Bankr. P. 7055. Obtaining a default judgment is a two-step process. First, the Clerk of the Court "must" enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the Clerk's Entry of Default, the Court may enter a default judgment on a motion for default judgment. *See* Fed. R. Civ. P. 55(b)(2).[5] *See Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment.") (citations omitted).

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). To satisfy the "good cause" standard, a litigant need not meet the more strict "excusable neglect" standard necessary to obtain relief from a judgment under Fed. R. Civ. P. 60(b). *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). In determining whether to set aside a clerk's entry of default, the Court "may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Pinson v. Equifax Credit Information Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Chesky (In re Dierschke)*,

---

[5] Rule 55(b)(1) directs the Clerk to enter a default judgment on plaintiff's request "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" and the plaintiff supports the request "with an affidavit showing the amount due[,]" and the defaulting defendant "is neither a minor nor an incompetent person." "In all other cases, the party must apply to the court for a default judgment." Fed.R.Civ.P. 55(b)(2).

-4-

975 F.2d 181, 183 (5th Cir. 1992)). *See also Gilmore v. Carlson*, 72 F. App'x 798, 801 (10th Cir. 2003) (factors relevant to whether an entry of default should be set aside include (1) whether default was the result of defendant's culpable conduct; (2) whether the defendant has a meritorious defense; and (3) whether plaintiff will be prejudiced if the entry of default is set aside) (citation omitted). "The preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing *Meeker v. Rizley*, 324 F.2d 269 (10th Cir. 1963)). *See also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011) (acknowledging that "[o]ur justice system has a strong preference for resolving cases on their merits whenever possible . . . ."). For this reason, "[t]he standard for setting aside an entry of default under Rule 55(c) is fairly liberal . . . ." *Payne v. Wilder*, No. CIV 16-0312 JB/GJF, 2017 WL 3025912, at *11 (D.N.M. July 7, 2017) (quoting *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001)). *See also Cannon v. SFM, LLC*, No. 18-2364-JWL, 2018 WL 5791614, at *1 (D. Kan. Nov. 5, 2018) ("The 'good cause' standard under Rule 55(c) is not particularly onerous.").

In applying these factors, keeping in mind the preference to resolve cases on the merits, the Court finds and concludes that good cause exists to set aside the Clerk's Entry of Default as to DLJ Mortgage, Selene CS, Selene Finance, MERS, and Nationstar. The Court will also deny the Motion for Default Judgment as to these Defendants.

Counsel for DLJ Mortgage, Selene CS, Selene Finance, and MERS represents that counsel was not aware of this adversary proceeding when it was filed, did not receive a copy of the Complaint, and was unaware that the summons had been issued or that Plaintiff had attempted service on these Defendants. Upon learning of the Clerk's Entry of Default, counsel

for these Defendants contacted Plaintiff's counsel to request a stipulation to set aside the Clerk's Entry of Default but did not receive a response before filing the Motion to Set Aside Default.

Nationstar's motion raises questions about how it received service of the Complaint and points out that once it retained counsel it attempted to obtain an extension of the response deadline from Plaintiff's counsel. When it did not receive a response, it filed Nationstar's Motion to Set Aside Default and objected to Plaintiff's Motion for Default Judgment by the deadline fixed in the Court's Notice. The Court issued the Notice because it was concerned about whether service had been effectuated properly in accordance with Fed.R.Bankr.P. 7004 on all Defendants since none of the seven named Defendants had responded to the Complaint.

Under the circumstances, the Court finds that the Moving Defendants' (defined below) failure to timely file an answer or other responsive pleading was not willful. DLJ Mortgage, Selene CS, Selene Finance, MERS, and Nationstar (together, the "Moving Defendants") all objected to the Motion for Default Judgment by the deadline fixed in the Court's Notice. Once counsel for the Moving Defendants became aware of this adversary proceeding, they have taken steps to respond to the Complaint to try to move this adversary proceeding along.

Next, Plaintiff will not be prejudiced by setting aside the Clerk's Entry of Default. The original answer deadline was October 19, 2020. *See* Doc. 2. DLJ Mortgage, Selene CS, Selene Finance, LP, and MERS filed a responsive pleading on November 6, 2020, seeking to dismiss the Complaint (Doc. 11), and Nationstar likewise filed a motion to dismiss on November 16, 2020 (Doc. 15), the deadline to object to the Plaintiff's Motion for Default Judgment fixed in the Court's Notice. The Moving Defendants also timely objected to the Plaintiff's Motion for Default Judgment. (Doc. 16 and Doc. 19). Plaintiff has not articulated any prejudice suffered by

the relatively short delay. The Court, therefore, finds that setting aside the Clerk's Entry of Default as to the Moving Defendants will not prejudice Plaintiff.

Finally, it appears that the Moving Defendants may have a meritorious defense to the Complaint. This Court determined in Plaintiff's related bankruptcy case that a judgment and related findings of fact and conclusions of law (together, the "State Court Judgment") entered in a state court foreclosure action filed by DLJ Mortgage and Selene Finance against Plaintiff to foreclose the Plaintiff's residential real property ("Property") has preclusive effect establishing that DLJ Mortgage had standing to seek relief from the automatic stay. *See* Case No. 19-12591-j11–Doc. 117.[6] The State Court Judgment, entered following a trial on the merits, granted an in rem judgment in favor of DLJ Mortgage and Selene Finance and ordered foreclosure of the Property. The Complaint initiating this adversary proceeding is premised on alleged improprieties in the chain of transfer of the note and mortgage relating to the Property and requests the Court to determine Plaintiff's and each of the Defendant's rights and interests in the note and mortgage and the Property. *See* Doc. 1. The Moving Defendants contend that the State Court Judgment precludes Plaintiff from asserting the claims in the Complaint under the doctrines of issue and/or claim preclusion.[7]

In considering whether a defendant has a meritorious defense that weighs in favor of setting aside a clerk's entry of default, the Court need not determine the likelihood that the defense will prevail. *See World Fuel Servs., Inc. v. Bales*, No. CIV-18-827-D, 2020 WL 3367278, at * 4 (W.D. Okla. June 18, 2020); *Roberson v. Farkas*, No. CV 09-795 JCH-WDS,

---

[6] *See also* Memorandum Opinion and Order on Motion for Reconsideration. Case No. 19-12591-j11–Doc. 148.
[7] The Moving Defendants also assert that Plaintiff's claims are barred based on the expiration of applicable statutes of limitation and/or failure to assert a compulsory counterclaim. *See* Doc. 11 and Doc. 15.

2011 WL 13117113, at *4 (D.N.M. Sept. 30, 2011) ("[R]ather than looking at the likelihood that the defendant will prevail on the merits, the Court should look at whether the proposed defense is legally cognizable such that it would constitute a defense to the claims if proved at trial." (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993))). A defense that the claims are barred by claim preclusion based on a prior final judgment constitutes a meritorious defense for purposes of evaluating whether to set aside a clerk's entry of default under Fed.R.Civ.P. 55(c). *See Kahler v. Wal-Mart Stores, Inc.*, No. 20-cv-01536-WJM-KMT, 2020 WL 7335714, at *5 (D. Colo. Dec. 14, 2020) (defendant's assertion that the claims are barred under the doctrine of res judicata constituted a meritorious defense for purposes of Rule 55(c)). Moving Defendants have, therefore, demonstrated that they have a meritorious defense that merits setting aside the Clerk's Entry of Default under Fed.R.Civ.P. 55(c).

Based on the foregoing, the Court concludes that the Clerk's Entry of Default should be set aside as to the Moving Defendants. Because the Clerk's Entry of Default will be set aside, the Court will deny the Motion for Default Judgment as to the Moving Defendants and will fix a new deadline for the Moving Defendants to file an answer or motion under Fed.R.Civ.P. 12(b), made applicable to adversary proceedings by Fed.R.Bankr.P. 7012. And because the Moving Defendants filed motions to dismiss by the November 16, 2020 deadline to object to the Motion for Default Judgment fixed in the Court's Notice, the Court will extend the deadline to file an answer or motion under Fed.R.Civ.P. 12(b) through the same date and deem the motions to dismiss timely filed.

WHEREFORE, IT IS HEREBY ORDERED that Nationstar's Motion to Set Aside Default is GRANTED.

ORDERED FURTHER that the Motion to Set Aside Default filed by DLJ Mortgage, Selene CS, Selene Finance, and MERS, is GRANTED.

ORDERED FURTHER, that the Clerk's Entry of Default is hereby set aside as to Nationstar, DLJ Mortgage, Selene CS, Selene Finance, and MERS.

ORDERED FURTHER, that the Motion for Default Judgment is DENIED as to the Moving Defendants.

ORDERED FURTHER, that the deadline for Nationstar, DLJ Mortgage, Selene CS, Selene Finance, and MERS to file an answer or motion under Fed.R.Civ.P. 12(b) is extended through November 16, 2020.

ORDERED FINALLY, that the motions to dismiss (Doc. 11 and Doc. 15) filed by DLJ Mortgage, Selene CS, Selene Finance, MERS, and Nationstar are deemed timely filed.[8]

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: March 17, 2022

COPY TO:

Elizabeth Dranttel
Attorney for DLJ Mortgage Capital, Inc., Selene CS Participation, LLC, Selene Finance, LP, and Mortgage Electronic Registration Systems, Inc.
Rose L. Brand & Associates, PC
7430 Washington Street NE
Albuquerque, NM 87102

Janelle G. Ewing
Attorney for Nationstar Mortgage, LLC, dba Mr. Cooper Group, Inc.
924 E. 4th St.
Waterloo, IA 50702

Michael Jacques Jacobs
800 Calle Divina NE
Albuquerque, NM 87113

---

[8] The Court will rule on the motions to dismiss in a separate memorandum opinion and order.