UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: MICHAEL JACQUES JACOBS,                         No. 19-12591-j11

       Debtor.

---

MICHAEL JACQUES JACOBS,

       Plaintiff,

       v.                                                                     Adversary No. 20-1053-j

DLJ MORTGAGE CAPITAL, INC. et al.;

       Defendants.

## **MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's (I) Request for Entry of Default and (II) Motion for Entry of Judgement by Default ("Motion for Default Judgment" – Doc. 8) filed November 3, 2020, with respect to the claims alleged against U.S. Bank as Maiden Lane Trust Trustee (as defined below) and Bank of New York as Encore Trust Trustee (also as defined below). This matter is also before the Court on its own initiative with respect to dismissal of the claims against U.S. Bank as Maiden Lane Trust Trustee and Bank of New York as Encore Trust Trustee.

For the reasons set forth below, the Court will deny the Motion for Default Judgment against U.S. Bank as Maiden Lane Trust Trustee and Bank of New York as Encore Trust Trustee and dismiss all claims against those defendants with prejudice.[1]

---

[1] Although the Court issued a Notice (Doc. 9) notifying all Defendants that the Court intended to enter a default judgment against any Defendant that did not file an objection to the Motion for Default Judgment

A.      **Procedural Background Relating to this Adversary Proceeding.**[2]

The Court entered an Order Resulting from Scheduling Conference and Imposing Service Requirement for a Motion for Default Judgment (Doc. 6), which required Plaintiff to mail any motion for default judgment asserted against all Defendants to each affected party at the addresses where process can be served by mail on the parties under Fed. R.. Bank. P. 7004. The Court entered that order because none of the seven named Defendants appeared at the scheduling conference or answered or otherwise responded to the complaint and the Court was concerned that the Defendants may not have been properly served with process.

Plaintiff filed the Motion for Default Judgment on November 3, 2020, seeking judgment by default as to the following named Defendants:

> Bank of New York Mellon, as Trustee for Encore Credit Receivables
>    Trust 2005-2 Trust ("Bank of New York as Encore Trust Trustee")
> DLJ Mortgage Capital, Inc. ("DLJ")
> Mortgage Electronic Registration Systems, Inc. ("MERS")
> Nationstar Mortgage, LLC, d/b/a Mr. Cooper Group, Inc. ("Nationstar")
> [Selene] CS Participation, LLC[3] ("Selene CS")
> Selene Finance LP ("Selene Finance")
> U.S. Bank National Association, as Trustee for the Holders of the Maiden Lane Asset
>    Backed Securities 1 Trust 2008-1 Maiden Lane 2008-1 Trust [4] ("U.S. Bank as Maiden
>    Lane Trust Trustee")

---

by November 16, 2020, the Court has reviewed this matter in greater detail since then and has determined that entry of this order is appropriate.

[2] A procedural history relating to Plaintiff's chapter 11 case is set forth in a Memorandum Opinion entered on April 5, 2022 (the "04-05-22 Memorandum Opinion" – Doc. 50). In that opinion, the Court explained why it was dismissing all of Plaintiff's claims against DLJ, Selene Finance, Selene CS, MERS, and Nationstar, except one claim against Selene Finance under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Many of the reasons for dismissing those claims also apply to dismissal of Plaintiff's claims against Bank of New York as Encore Trust Trustee and U.S. Bank as Maiden Lane Trust Trustee. See the 04 05-22 Memorandum Opinion for a more detailed discussion of various issues addressed in this memorandum opinion.

[3] The correct name of CS Participation is Selene CS Participation, LLC.

[4] It appears that Plaintiff served U.S. Bank National Association using the following name and address:
   U.S. Bankcorp Center
   Attn: Owner, Manager, or Other Operating Officer
   800 Nicollet Mall
   Minneapolis, MN 55402-7014

On November 6, 2020, the Clerk of Court entered the Clerk's Entry of Default as to all Defendants. Doc. 10.

On November 5, 2020, the Court filed and sent to the named Defendants at their addresses of record in this adversary proceeding a Notice of Deadline to Object to Motion for Default Judgment ("Notice" – Doc. 9), which notified all Defendants that the Court intended to enter a default judgment against any Defendant that did not file an objection to the Motion for Default Judgment by Monday, November 16, 2020.

Neither U.S. Bank as Maiden Lane Trust Trustee nor Bank of New York as Encore Trust Trustee have filed an answer or other response to the complaint or objection to the Motion for Default Judgment, nor have they otherwise appeared in this adversary proceeding.

On November 6, 2020, DLJ, Selene Finance, Selene CS, and MERS filed their motion to dismiss (Doc. 11). On November 16, 2020, DLJ, Selene Finance, Selene CS, and MERS filed a Motion to Set Aside Entry of Default (Doc. 17) and an objection to the Motion for Default Judgment (Doc. 16). Also on November 16, 2020, Nationstar filed a Motion to Set Aside Entry of Default and Dismiss (Doc. 15) and an objection to the Motion for Default Judgment. Doc. 19.

On March 17, 2022, the Court entered a Memorandum Opinion and Order setting aside the Clerk's Entry of Default as to DLJ, Selene Finance, Selene CS, MERS, and Nationstar for good cause and setting a new deadline for those defendants to answer the complaint or file a motion under Rule 12(b)(6). Doc. 42. After scrutinizing Plaintiff's claims in the complaint against DLJ, Selene Finance, Selene CS, MERS, and Nationstar under the Rule 12(b)(6) standard, on April 5, 2022 the Court entered orders (Docs. 51 and 52), supported by the 04-05-22 Memorandum Opinion, granting motions to dismiss filed by those Defendants, except with

---

*See* Doc. 8.

respect to a claim asserted against Selene Finance for violations of the Fair Debt Collection Practices Act. The Court determined, among other things,

(1) Plaintiff's claims against DLJ, Selene Finance, Selene CS, MERS, and Nationstar for fraudulent misrepresentation are time-barred under the applicable statute of limitations.

(2) Plaintiff's claims against DLJ, Selene Finance, Selene CS, MERS, and Nationstar for intentional infliction of emotional distress fail as a matter of law because the conduct alleged in the complaint is insufficiently outrageous and extreme to state a plausible claim for relief; and alternatively, Plaintiff's claims against DLJ, Selene Finance, Selene CS, MERS, and Nationstar for intentional infliction of emotional distress are time-barred under the applicable statute of limitations.

(3) The Court lacks subject matter jurisdiction over Plaintiff's request for declaratory judgment under the Federal Declaratory Judgment Act; and alternatively, the Court, in its discretion, declined to adjudicate the request for declaratory judgment even if it had subject matter jurisdiction.[5]

---

[5] The Court also ruled in favor of DLJ and Selene Finance on Plaintiff's claims for fraudulent misrepresentation and declaratory judgment based on the preclusive effect of Findings of Fact and Conclusions of Law and a foreclosure judgment (the "Foreclosure Judgment") entered in favor of DLJ and Selene Finance in an action styled, *DLJ Mortgage Capital, Inc. v. Ruby Handler Jacobs a/k/a Ruby Jacobs, Michael Jacobs, et al.*, in the Foreclosure Action (as defined below).

**B.    Claims and Allegations in the Complaint Filed in this Adversary Proceeding**

The complaint asserts the following claims against all seven named Defendants, including U.S. Bank as Maidan Lane Trust Trustee and Bank of New York as Encore Trust Trustee:

> Fraudulent Misrepresentation
> Intentional Infliction of Emotional Distress
> Request for Declaratory Relief

The complaint also asserts a claim for violation of the Fair Debt Collection Practices Act only against DLJ and Selene Finance.

Allegations in the complaint material Plaintiff's claims against U.S. Bank as Maiden Lane Trust Trustee and Bank of New York as Encore Trust Trustee include[6]:

>   (a)    Plaintiff entered into a consumer credit transaction with Encore Credit Corporation ("Encore") in 2005 (the "Loan"), Plaintiff's spouse executed a promissory note ("Note") as part of the transaction, and the loan ("Loan") was secured by a mortgage granted by Plaintiff and his spouse ("Mortgage"). Complaint, ¶¶ 29 and 30.
>
>   (b)    The Note purportedly was endorsed by Encore to Impac Funding Corporation ("Impac"), Impac to EMC Mortgage Corporation ("EMC"), and then by EMC in blank. Complaint, ¶ 31.
>
>   (c)    Recorded Corporate Assignments of Mortgage purported to assign the Mortgage first on February 25, 2011 by MERS o/b/o[7] Encore to Nationstar, second on April 28, 2011 by MERS o/b/o Encore to U.S. Bank as Maiden Lane Trust Trustee, and third on or about May 14, 2013 by U.S. Bank as Trustee to DLJ. Complaint, ¶¶ 32-34. The assignments of record were made by MERS on behalf of the assignors. *Id*.
>
>   (d)    DLJ Mortgage commenced a foreclosure action in the Second Judicial District Court in New Mexico, Case # D-202-CV-201209237 (the "Foreclosure Action") in October 2012 to foreclose the mortgage. Complaint, ¶¶ 35, 36, and 37. An amended complaint was filed in the Foreclosure Action on October 24, 2014, incorrectly adding Selene Finance as a co-plaintiff with DLJ. Complaint, ¶ 39. A Final Judgment was entered against Plaintiff on June 5, 2018 in the Foreclosure Action. Complaint, ¶ 35.

---

[6] Allegations in the complaint are summarized in greater detail in the 04-05-22 Memorandum Opinion, pp. 8-12.
[7] O/b/o stands for "on behalf of."

(e) The three assignments of the Mortgage were recorded in the Official Records of the Bernalillo County Clerk on February 28, 2011, May 3, 2011, and May 14, 2013, respectively. Complaint, ¶¶ 32-34. The complaint refers to the three assignment of Mortgage as AOM 1, AOM 2, and AOM 3, respectively.

(f) In October 2019, Plaintiff retained a private investigator and learned that the true holder and owner of the Loan was the Encore Credit Receivables Trust 2005-1 Trust ("Encore Trust" or "Bank of New York as Encore Trust Trustee") and that Bank of New York as Encore Trust Trustee transferred the Loan to Maiden Lane Asset Backed Securities Trust 2008-1 ("Maiden Lane Trust" or "U.S. Bank as Maiden Lane Trust Trustee"). Complaint, ¶¶ 46-49.[8]

(g) The Loan is still an asset of the Maiden Lane Trust; it was not transferred to DLJ. Complaint, ¶50.

(h) Encore, the original lender, transferred the Loan to Bank of New York as Encore Trust Trustee, which in turn transferred the Loan to U.S. Bank as Maiden Lane Trust Trustee. Complaint, ¶¶ 47 - 49. Although the Loan later was purportedly transferred DLJ, the Loan actually is still an asset of Maiden Trust. Complaint, ¶¶ 50, 68.

(i) The purported Assignments of Mortgage did not correspond with the transfers of the Note and with who actually owned the Loan. Complaint, ¶¶ 62-80.

(j) MERS and U.S. Bank as Maiden Lane Trust Trustee made false representations as to transfers of the Note and Mortgage which were recorded in the public records of Bernalillo County, New Mexico. Complaint, ¶ 81. Defendants knew or should have known the representations were false and were made for the purpose of defrauding the Plaintiff and taking possession of the property, and Plaintiff relied on Defendants' misrepresentations to his detriment and is suffering the continued threat of loss of the property. Complaint ¶¶ 84-86, 92.

(k) The intentional, unlawful recording of false documents in the public records of Bernalillo County, New Mexico and the filing of the Foreclosure Action constitute outrageous or reckless conduct on the part of Defendants. Complaint, ¶ 102.

(l) Defendants intentionally, knowingly, recklessly, and fraudulently made representations that they were the holder of the Note and had transferred the Plainitff's loan with knowledge that they did not have the right to make such an assertion. Such actions were taken with the intent of inflicting emotional distress on the Debtor so that he would be unable to exercise legal rights in the property and with complete, utter and reckless disregard of the probability of causing Debtor to suffer severe emotional distress. Complaint ¶¶ 103- 106.

---

[8] The complaint refers to the Encore Trust and Maiden Trust and alleges that Bank of New York Mellon was trustee for the Encore Trust and U.S. Bank was trustee for the Maiden Lane Trust.

(m) Due to Defendants' outrageous conduct, Debtor has been living under the constant emotional and fiscal threat of losing the property resulting in continuing stress. Complaint ¶ 108.

(n) Plaintiff requests a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 to determine who is the actual holder of the Mortgage and Note and the rights of the Debtor and Defendants in the Debtor's loan and the Property. Complaint, ¶ 112.

There are no allegations in the complaint of any misrepresentations by U.S. Bank as Maiden Lane Trust Trustee or Bank of New York as Encore Trust Trustee other than the recordation of assignments of the mortgage in 2011 and 2013 and any representations implied by the recordation of the assignments. There are no allegations in the complaint that U.S. Bank as Maiden Lane Trust Trustee or Bank of New York as Encore Trust Trustee are seeking to exercise any rights against Plaintiff's property that is subject to the Mortgage or to collect any debt from Plaintiff.

**C.   DISCUSSION**

A court may, on its own initiative, in appropriate circumstances, deny a motion for default judgment and sua sponte dismiss claims against a defendant that did not object to the motion and has not appeared in the action. *E.g. Singleton v. Dean,* 611 F. App'x 671 (11th Cir. 2015); *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014); *Teters v. Aguirre,* 114 F. App'x 946 (9th Cir. 2004); *Friedman v. Wellspring Cap. Mgmt., LLC*, No. AP 19-80071-DD, 2020 WL 5083319, at *1 n. 2 (Bankr. D.S.C. Aug. 27, 2020) ("[T]he court has the discretion to sua sponte dismiss a complaint pursuant to Fed.R.Civ.P. 12(b)(6) (citations omitted)); *Sears, Roebuck & Co. v. Goycochea (In re Goycochea)*, 192 B.R. 847, 848 (Bankr. D. Md. 1996). The court has authority to dismiss a complaint against a defendant if it determines that the allegations in the complaint are inadequate as long as the dismissal is procedurally fair to the parties. 5B Charles Alan Wright, Arthur R. Miller, *Federal Practice And Procedure*, §1357 (3d ed. 2004) ("Even if a

party does not make a formal motion under Rule 12(b)(6) [for failure to state a claim], the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties.").

When it is "patently obvious" that a plaintiff cannot prevail based on the facts alleged in the complaint and allowing the plaintiff an opportunity to amend the complaint would be futile, the Court may sua sponte dismiss the claims under the Rule 12(b)(6) standard, and without giving the plaintiff an opportunity to amend.[9] *McKinney v. State of Okl., Dept. of Hum. Servs, Shawnee, OK*, 925 F.2d 363, 365 (10th Cir. 1991); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[A] court may dismiss sua sponte 'when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" quoting *McKinney*, 925 F.2d at 365)); *LTF Real Estate Co., Inc. v. Expert South Tulsa, LLC (In re Expert S. Tulsa, LLC)*, 522 B.R. 634, 650 (B.A.P. 10th Cir. 2014), *aff'd*, 619 F. App'x 779 (10th Cir. 2015) (same)).

In light of these principles and the Rule 12(b)(6) standard, the Court finds that dismissal of the claims against U.S. Bank as Maiden Trust Trustee and Bank of New York as Encore Trust Trustee, with prejudice, is appropriate under the circumstances.[10]

The complaint does not contain specific allegations of any actions by U.S. Bank as Maiden Lane Trust Trustee or Bank of New York as Encore Trust Trustee that could support Plaintiff's claim of fraudulent misrepresentation. The complaint alleges that Encore, the original lender, transferred the Loan to Bank of New York as Encore Trust Trustee, which in turn transferred the loan to U.S. Bank as Maiden Lane Trust Trustee, which allegedly currently still

---

[9] Fed.R.Civ.P. 12(b)(6) is made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b).
[10] A discussion of the Rule 12(b)(6) standard is discussed in the 04-05-22 Memorandum Opinion, pp. 13-14.

owns the Loan. Complaint, ¶¶ 46-50. The complaint further alleges that recorded Corporate Assignments of Mortgage purported to assign the Mortgage first by MERS o/b/o Encore to Nationstar on February 25, 2011 (recorded February 28, 2011), second by MERS o/b/o Encore to U.S. Bank as Maiden Lane Trust Trustee on April 28, 2022 (recorded May 3, 2011), and third by U.S. Bank as Maiden Lane Trust Trustee to DLJ on or about May 14, 2013 (recorded May 14, 2013). Complaint, ¶¶ 32-34.

After a trial on the merits in the Foreclosure Action held April 31, 2016, on June 5, 2018 the State Court entered an *in rem* Foreclosure Judgment in favor of DLJ and Selene Finance, the named Plaintiffs in the Foreclosure Action, supported by Findings and Conclusions filed of record on July 13, 2017, determining that DLJ and Selene Finance are entitled to foreclose the Mortgage to collect amounts due under the Note. The Foreclosure Judgment and supporting Findings and Conclusions have issue preclusive effect binding on the Plaintiff.[11] The Foreclosure Judgment and Findings and Conclusions establish that the chain of title to the Note and Mortgage was such that DLJ Mortgage and Selene Finance were entitled to a judgment foreclosing the Mortgage to collect the debt owed under the Note.

Further, for the reasons set forth in this Court's 04-05-22 Memorandum Opinion, pp. 29-32, Plaintiff's claims of intentional infliction of emotional distress fail as a matter of law. The Court does not find the alleged conduct of Bank of New York as Encore Trust Trustee or U.S. Bank as Maiden Lane Trust Trustee to be so outrageous in character, and so extreme in degree,

---

[11] *See* the 04-05-22 Memorandum Opinion, pp. 34-35, and the Memorandum Opinion supporting an Order Granting Motion for Issue/Claim Preclusion, pp. 10-13 (Bankruptcy Case – Docs. 117), regarding why the Foreclosure Judgment and supporting Findings and Conclusions have issue preclusive effect that is binding on Plaintiff. Defensive use of issue preclusion is discussed in the 04-05-22 Memorandum Opinion, p. 35. *See* the 04-05-22 Memorandum Opinion, p. 14, including note 10, regarding why this Court may consider the preclusive effect of the Foreclosure Judgment and supporting Findings and Conclusions in applying the Rule 12(b)(6) standard.

as to go beyond all possible bounds of decency that would support a claim for intentional infliction of emotional distress.

In addition, Plaintiffs fraudulent misrepresentation and intentional infliction of emotional distress claims are barred by the applicable statute of limitations. See the 04-05-22 Memorandum Opinion, pp. 15-17, 32-33. Although the statute of limitations is an affirmative defense, a court may dismiss a complaint as time-barred under Rule 12(b)(6). See cases cited in the 04-05-22 Memorandum Opinion, p. 14.

Finally, for the reasons set forth in this Court's 04-05-22 Memorandum Opinion, p. 33-36, this Court lacks subject matter jurisdiction over Plaintiff's request for a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Alternatively, for the reasons set forth in this Court's 04-05-22 Memorandum Opinion, p. 36, the Court declines to entertain Plaintiff's request for declaratory relief even assuming it had jurisdiction under 28 U.S.C. § 2201, which it does not.

Under the circumstances present here, it is appropriate for the Court to set aside the Clerk's Entry of Default as to U.S. Bank as Maiden Lane Trust Trustee and Bank of New York as Encore Trust Trustee, decline to grant Plaintiff's Motion for Default Judgment as to U.S. Bank as Maiden Lane Trust Trustee and Bank of New York as Encore Trust Trustee even though they failed to answer or otherwise respond to the complaint, and dismiss all claims asserted in the complaint against those Defendants. The Court will enter a separate order consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 7, 2022

COPY TO:

Michael Jacques Jacobs
800 Calle Divina NE
Albuquerque, NM 87113

U.S. Bank N.A., as Trustee for
Maiden Lane 2008-1 Trust
Attn: Legal Department
800 Nicollet Mall
Minneapolis, MN 55402-7014

Bank of New York Mellon, as Trustee for
Encore Credit Receivables Trust 2005-2
Attn: Legal Department
240 Greenwich Street
New York, NY 10286

The Bank Of New York Mellon Corporation,
as Trustee for Encore Credit Receivables Trust 2005-2
c/o The Corporation Trust Company
Corporation Trust Center 1209 Orange St.
Wilmington, Delaware 19801